**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
FERNANDO MANJARREZ

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO MANJARREZ,<br><br>Defendant. | Case No.: 1:20-CR-00124-DAD-BAM<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE**<br><br>Date: **November 23, 2020**<br>Time: **1:00 p.m.**<br>Courtroom: **8** |

**TO:   THE HONORABLE COURT AND TO THE ASSISTANT UNITED STATES ATTORNEY:**

This case is set for status conference on November 30, 2020. On May 13, 2020, this Court issued General Order 618, supplementing prior orders issued on March 12, 17, 18, 30, and April 17, 2020, addressing COVID-19 and attendant public health advisories. This court declared a judicial emergency on April 9, 2020, pursuant to 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021.

1  Although the General Orders address the district-wide health concern, the Supreme
2  Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s]
3  substantive openendedness with procedural strictness," "demand[ing] on-the-record findings"
4  in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-
5  record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover,
6  any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213
7  F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice
8  continuance must set forth explicit findings on the record "either orally or in writing").

9  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both
10 mandatory and inexcusable—the General Orders require specific supplementation. Ends-of-
11 justice continuances are excludable only if "the judge granted such continuance on the basis of
12 his findings that the ends of justice served by taking such action outweigh the best interest of
13 the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such
14 period is excludable unless "the court sets forth, in the record of the case, either orally or in
15 writing, its reason or finding that the ends of justice served by the granting of such continuance
16 outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

17 The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7)
18 (Local Code T4). Although the Speedy Trial Act does not directly address continuances
19 stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to
20 order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week
21 ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644
22 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial
23 to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y.
24 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and
25 the resultant public emergency). The coronavirus is posing a similar, albeit more enduring,
26 barrier to the prompt proceedings mandated by the statutory rules.

27 In light of the societal context created by the foregoing, this Court should consider the
28 following case-specific facts in finding excludable delay appropriate in this particular case

under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on November 23, 2020.

2. By this stipulation, defendant now moves to continue the status conference until February 10, 2021, and to exclude time between November 23, 2020, and February 10, 2021, under 18 U.S.C.§ 3161(h)(7)(A), B(iv) and Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government does not object to the continuance.

    b) In addition to the public health concerns cited by General Orders 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

        (i) Defense counsel is undergoing surgery on November 13, 2020, and requires six to eight weeks for recovery.

        (ii) Defense counsel believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        (iii) Defense counsel believes that failure to grant the above-requested continuance would deny the defendant continuity of counsel.

    c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November

23, 2020, to February 10, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: November 10, 2020   By: */s/ Laura Jean Berger*
LAURA JEAN BERGER
Assistant United States Attorney

DATED: November 10, 2020   By: */s/ Anthony P. Capozzi*
ANTHONY P. CAPOZZI
Attorney for Defendant FERNANDO MANJARREZ

### ORDER

IT IS SO ORDERED that the status conference is continued from November 23, 2020, to **February 10, 2021, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C. § 3161(c) and (h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: **November 10, 2020**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE